**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JORDAN WATKINS (52900-424), | ) |  |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 21-cv-02045 |
| v. | ) |  |
|  | ) | Honorable Robert M. Dow, Jr. |
| UNITED STATES OF AMERICA | ) |  |
| BRIJ MOHAN, Jane Does and John Does, | ) | **JURY DEMAND** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

**SECOND AMENDED COMPLAINT**

Plaintiff, JORDAN WATKINS, by and through his attorneys, Tribler Orpett & Meyer, P.C., brings this Second Amended Complaint against Dr. Brij Mohan ("Dr. Mohan"), the United States of America as his employer, and certain currently unidentified medical and corrections personnel named as Jane Does and John Does (collectively, "Defendants") who were, at all times relevant to this case, working at Metropolitan Correctional Center Chicago ("MCC"), for violations of his rights under the United States Constitution, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 1346(b). Mr. Watkins states as follows:

**INTRODUCTION**

1.     This lawsuit arises out of Defendants' deliberate indifference to Mr. Watkin's serious medical condition. While incarcerated at MCC in Chicago, Mr. Watkins underwent hernia repair surgery on June 12, 2019 at Thorek Memorial Hospital (the "Surgical Operation"). Immediately following the Surgical Operation, Mr. Watkins began complaining to the Defendants of severe pain and swelling around his groin. Despite the severity of Mr. Watkins' injury and

ongoing suffering, Defendants ignored Mr. Watkins' pleas for medical care and failed to provide adequate medical treatment, and/or access to adequate medical treatment.

2.       Defendants' repeatedly ignored Mr. Watkins' numerous requests for medical care despite his serious medical condition during which time Mr. Watkins' testicles began to swell to an unbearably painful size. Defendants' deliberate indifference of Mr. Watkins lasted until he was ultimately transferred to USP Leavenworth on or about August 26, 2019. Mr. Watkins continues to suffer from the pain and injuries that resulted from Defendants' deliberate indifference and the pain and suffering associated with the initial Surgical Operation

3.       Mr. Watkins' pain and suffering was openly known to the Defendants since he returned to MCC following the Surgical Operation. Mr. Watkins complained repeatedly about his pain and suffering to no avail. Defendants repeatedly ignored and evaded Mr. Watkins' complaints. Defendants' conduct and failure to provide or facilitate the provision of medical treatment caused significant pain and suffering to Mr. Watkins.

4.       Defendants' conduct is in violation of the FTCA. Pursuant to 28 U.S.C. § 1346(b), Mr. Watkins brings this suit seeking damages for the personal injuries, emotional distress and loss of normal life that he continues to suffer as a result of the Defendants' negligent medical treatment and failure to provide proper medical care.  Defendants' conduct is also in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Pursuant to 42 U.S.C. § 1983, as discussed by the United States Supreme Court in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), Mr. Watkins brings this suit seeking damages for denial of proper medical treatment and deliberate indifference to his medical needs and medical condition.

2

## THE PARTIES

5.     Plaintiff, Jordan Watkins, is currently incarcerated at FCI Gilmer, an entity controlled by the United States Federal Bureau of Prisons in Gilmer County, West Virginia. Between October 22, 2018 and July 18, 2019, Mr. Watkins was a pre-trial detainee at MCC in Chicago. Between July 18, 2019 and July 29, 2019, Mr. Watkins was a prisoner at MCC.

6.     Upon information and belief, at all times relevant to his involvement in this case, Dr. Mohan has been employed by the United States of America, through its agency, the Federal Bureau of Prisons ("BOP"). In his capacity as Clinical Director, Dr. Mohan administers medical care to inmates at MCC on behalf of the Federal Bureau of Prisons and the United States of America and is responsible for medical care and treatment to detainees and/or inmates at MCC. Upon information and belief, as Clinical Director at MCC, Dr. Mohan supervises MCC's medical and nursing staff (collectively "MCC Medical Defendants") on behalf of the Federal Bureau of Prisons and the United States of America. While at MCC, Mr. Watkins repeatedly requested medical care and treatment for his serious medical condition. Dr. Mohan failed to provide Mr. Watkins with proper medical care, negligently provided medical treatment to Mr. Watkins  and was deliberately indifferent to his serious medical condition.

7.     Upon information and belief, at all times relevant to his involvement in this case, Dr. Mohan has been a medical doctor at Rush University Medical Center and the Clinical Director at MCC. In his capacity as Clinical Director, Dr. Mohan administers medical care to inmates at MCC and is responsible for medical care and treatment to detainees and/or inmates at MCC. Upon information and belief, as Clinical Director at MCC, Dr. Mohan supervises MCC's medical and nursing staff. While at MCC, Mr. Watkins repeatedly requested medical care and treatment for his serious medical condition. Dr. Mohan failed to provide Mr. Watkins with proper medical care,

3

negligently provided medical treatment to Mr. Watkins and was deliberately indifferent to his serious medical condition.

8. Upon information and belief, at all times relevant to their involvement in this case, Dr. Mohan and certain currently unidentified Jane Does and John Does working as medical personnel at MCC provided Mr. Watkins with medical care and treatment.

9. At all times relevant to the events at issue in this case, Dr. Mohan and Jane Does and John Does at MCC, were acting under color of law and within the scope of their respective employment at MCC.

10. Upon information and belief, at all times relevant to their involvement in this case, certain currently unidentified Jane Does and John Does working as corrections personnel at MCC, were responsible for overseeing subordinate corrections officers as well as medical staff and all inmates.

11. The Jane Does and John Does (collectively, the "Corrections Defendants"), and any MCC staff, are all employed by MCC and/or the United States Bureau of Prisons. At all times relevant to their involvement in this case, the Corrections Defendants were acting under color of law and within the scope of their employment. The Corrections Defendants supervised Mr. Watkins' housing units at MCC, and became familiar with Mr. Watkins' injury in addition to his continued pain and suffering through Mr. Watkins' repeated complaints.

12. Upon information and belief, MCC is a facility that is owned, operated, and/or funded by the United States Federal Bureau of Prisons.

13. At all times relevant to the Complaint, Dr. Brij Mohan was an employee of the United States of America as a result of his employment with the United States Federal Bureau of Prisons.

14. At all times relevant to the events at issue in this case, Dr. Mohan was acting within the scope of his employment with the United States Federal Bureau of Prisons.

15. At all times relevant to the events at issue in this case, Jane and John Does employed at MCC were acting within the scope of their employment with the United States Federal Bureau of Prisons.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1391, and 42 U.S.C. § 1983, in addition to the Eighth and Fourteenth Amendments to the United States Constitution.

17. This Court also has jurisdiction over this matter pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

18. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because the majority of claims arose in this judicial district.

19. This Court has personal jurisdiction over all Defendants because they live or work in this state and the majority of events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

**A.    Initial Medical Complaints and Subsequent Surgical Operation**

20. Upon information and belief, Mr. Watkins was detained at MCC from October 22, 2018 until July 29, 2019. Upon information and belief, from July 29, 2019 to August 15, 2019, Mr. Watkins was detained at Stateville. Upon information and belief, from August 15, 2019 to August 26, 2019, Mr. Watkins was detained at LCJ. Upon information and belief, Mr. Watkins was detained at FCI Gilmer from August 27, 2019 to the present.

21.     On or about March 29, 2019, Mr. Watkins was evaluated by the Medical Defendants and was diagnosed with a hernia.

22.     On or about April 4, 2019, Mr. Watkins was transported to Thorek Memorial Hospital for a consultation. Hernia repair surgery was subsequently recommended.

23.     On or about June 12, 2019, Mr. Watkins underwent surgery at Thorek Memorial Hospital to repair the hernia.

**B.      Watkins' Serious Medical Condition Worsens**

24.     After he returned to MCC following the Surgical Operation, Mr. Watkins immediately began to complain of severe pain and swelling in his groin area.

25.     Upon information and belief, on or about June 15, 2019 and thereafter, Mr. Watkins informed the MCC Medical Defendants, including Dr. Mohan, of the complications resulting from the Surgical Operation.

**C.      Defendants' Continued Indifference to Watkins' Medical Needs**

26.     Nonetheless, once the MCC Medical Defendants learned of Mr. Watkins' serious medical condition, they simply brushed off the severe swelling in Mr. Watkins' scrotum as a routine and benign side effect of the hernia repair surgery.

27.     Upon information and belief, following the June 15th visit to the MCC Medical Defendants, Mr. Watkins was given ineffective mediation that did not treat his excruciatingly painful and severely swollen scrotum. Mr. Watkins was subsequently placed in the Special Housing Unit (Segregation) for more than two weeks.

28.     Upon information and belief, aside from the ineffective medication that Mr. Watkins received on or about June 15, 2019, he received no additional follow up treatment at MCC for the exceedingly painful ongoing complications from the Surgical Operation.

29.     Further, Plaintiff's discharge instructions from Thorek Memorial Hospital provided that Plaintiff should schedule a follow up appointment with Thorek Memorial Hospital within two-weeks. Defendants failed to provide Mr. Watkins an opportunity to schedule the necessary follow-up appointment and be seen by Thorek Memorial Hospital for a follow-up appointment post-surgery.

**D.     Denial of Mr. Watkins' Access to Medical Providers and Decision to Transfer Mr. Watkins Before he was Medically Stable.**

30.     Between his June 15, 2019 visit with the MCC Medical Defendants and his ultimate transfer from MCC to Stateville prison on July 29, 2019, Mr. Watkins lodged numerous complaints with the MCC Medical Defendants regarding his urgent need for medical care to treat his serious, exponentially deteriorating, medical condition.

31.     All of Mr. Watkins' requests for additional medical treatment were declined. Further, the MCC Medical Defendants refused to allow Mr. Watkins to seek follow up treatment with his physicians at Thorek Memorial Hospital at any point following the Surgical Operation in accordance with his discharge instructions.

32.     On or about July 29, 2019, despite his untreated and progressively worsening medical condition, the MCC Medical Defendants cleared Mr. Watkins for transfer from MCC.

33.     Although his testicles eventually were swollen to the size of a grapefruit, upon information and belief, Mr. Watkins ultimately did not undergo hernia repair surgery to address the ongoing complications from the Surgical Operation until February 12, 2020 at St. Luke's Hospital in Kansas City, Missouri while he was incarcerated at USP Leavenworth.

**E.     Exhaustion of Administrative Remedies.**

34.     On October 30, 2019, while incarcerated at USP Leavenworth, Mr. Watkins submitted an initial Informal Resolution Administrative Remedy form complaining of his

inadequate medical treatment.

35.     On November 22, 2019, while incarcerated at USP Leavenworth, Mr. Watkins submitted a Request for Administrative Remedy to the United States Department of Justice as a result of his inadequate medical treatment

36.     On November 29, 2019, Mr. Watkins' Request for Administrative Remedy was received by the United States Federal Bureau of Prisons.

37.     On December 9, 2019, Mr. Watkins' request for Administrative Remedy was denied by the United States Federal Bureau of Prisons.

38.     On January 15, 2020, while incarcerated at USP Leavenworth, Mr. Watkins appealed the denial of his Request for Administrative Remedy.

39.     On January 27, 2020, the United States Federal Bureau of Prisons received Mr. Watkins' appeal.

40.     Mr. Watkins exhausted his administrative remedies prior to filing this lawsuit.

41.     On August 7, 2020, Mr. Watkins filed a cause of action in this Court against Dr. Mohan captioned as *Watkins v. Mohan*, 1:20-cv-04662. The action was ultimately dismissed without prejudice prior to the assignment of Plaintiff's appointed counsel, due to Plaintiff's failure to comply with a court order.

## CAUSES OF ACTION

### COUNT I
### 28 U.S.C. § 1346(b) – Negligence (FTCA)
### United States of America

42.     Mr. Watkins re-alleges and incorporates herein the allegations set forth in ¶¶ 1-41.

43.     Between October 22, 2018 and July 29, 2019, Mr. Watkins was detained in the custody of MCC. From October 22, 2018 until he pled guilty in the Northern District of Illinois

8

on July 18, 2019, Mr. Watkins was a pre-trial detainee at MCC. Dr. Mohan and the MCC Medical Defendants had notice of Mr. Watkins' medical needs and the seriousness of his injury, and knew the risk of harm to Mr. Watkins if he did not receive appropriate medical care. Despite that knowledge, Dr. Mohan and the MCC Medical Defendants negligently failed to provide Mr. Watkins with proper medical care or access to medical care, negligently denied him a follow-up visit at Thorek Memorial Hospital and negligently authorized his transfer despite his medical condition.

44. While detained at MCC, Mr. Watkins was denied necessary treatment for his serious medical condition, including by being denied access to a doctor for the remainder of his time at MCC following his June 15, 2019 visit with the MCC Medical Defendants.

45. Throughout that period, Mr. Watkins suffered from constant pain in his groin, scrotum, and testicles. The pain was so excruciating that, at times, Mr. Watkins had trouble sitting down and sleeping.

46. Because of the negligent treatment provided to Mr. Watkins' by Dr. Mohan and the MCC Medical Defendants, his condition worsened and he suffered from severe swelling of his testicles. This prolonged and increased Mr. Watkins' pain and suffering.

47. As the Clinical Director at MCC, Dr. Mohan was responsible for Mr. Watkins' medical treatment while he was detained at MCC.

48. Through Mr. Watkins' complaints, verbal requests, and medical visits, Dr. Mohan and the MCC Medical Defendants were, at all relevant times, aware that Mr. Watkins was experiencing extreme pain and that his treatment plan was ineffective.

49.     Upon information and belief, Dr. Mohan and the MCC Medical Defendants were also aware that Mr. Watkins' pain and suffering resulted from the failure to follow an adequate treatment plan, such as the plan prescribed by physicians at Thorek Memorial Hospital.

50.     Despite Mr. Watkins' continued pain, Dr. Mohan and the MCC Medical Defendants refused to change Mr. Watkins' medical treatment plan at MCC by, among other things, prescribing more or different pain medication, providing requested medical evaluations and care, or by helping to arrange a follow-up visit with the physicians at Thorek Memorial Hospital that performed the initial Surgical Operation as provided by the discharge plan.

51.     Furthermore, Dr. Mohan's negligence caused and/or contributed to Mr. Watkins' suffering by failing to appropriately address Mr. Watkins' questions, complaints and medical needs.

52.     Dr. Mohan and the MCC Medical Defendants also caused and/or contributed to Mr. Watkins' medical condition, pain and suffering by clearing him for release from MCC despite his serious medical condition and knowing that he would endure significant pain and suffering during his transport by bus and plane.

53.     Dr. Mohan's and the MCC Medical Defendants' conduct was objectively unreasonable in light of Mr. Watkins' medical condition and need for treatment, and, upon information and belief, in light of the course of follow up treatment recommended by doctors at Thorek Memorial Hospital.

54.     As discussed above, Mr. Watkins exhausted his administrative remedies as required by the FTCA

55.     As a result of the Defendants' actions and omissions, Mr. Watkins has suffered damages.

10

## COUNT II
### 42 U.S.C. § 1983 (Bivens Claim) – Denial of Medical Care (Fourteenth Amendment)
### Medical Defendants

56.     Mr. Watkins re-alleges and incorporates herein the allegations set forth in ¶¶ 1-55.

57.     Between October 22, 2018 and July 29, 2019, Mr. Watkins was detained in the custody of MCC. From October 22, 2018 until he pled guilty in the Northern District of Illinois on July 18, 2019, Mr. Watkins was a pre-trial detainee at MCC. The Medical Defendants had notice of Mr. Watkins' medical needs and the seriousness of his injury, and knew the risk of harm to Mr. Watkins if he did not receive appropriate medical care. Despite that knowledge, the Medical Defendants failed to provide Mr. Watkins with proper medical care or access to medical care, failed to allow Mr. Watkins to have a follow-up visit at Thorek Memorial Hospital, authorized his release despite his medical condition and were deliberately indifferent to Mr. Watkins' medical condition, in violation of the Fourteenth Amendment to the United States Constitution.

58.     While detained at MCC, Mr. Watkins was denied necessary treatment for his serious medical condition, including by being denied access to a doctor for the remainder of his time at MCC following his June 15, 2019 visit with the Medical Defendants.

59.     Throughout that period, Mr. Watkins suffered from constant pain in his groin, scrotum, and testicles. The pain was so excruciating that, at times, Mr. Watkins had trouble sitting down and sleeping.

60.     Because of Mr. Watkins' insufficient medical treatment and deliberate indifference by the Medical Defendants, his condition worsened and he suffered from severe swelling of his testicles. This prolonged and increased Mr. Watkins' pain and suffering.

11

61.     Each of the Medical Defendants was responsible for and involved with Mr. Watkins' medical treatment while he was detained at MCC.

62.     Through Mr. Watkins' complaints, verbal requests, and medical visits, the Medical Defendants were, at all relevant times, aware that Mr. Watkins was experiencing extreme pain and that his treatment plan was ineffective.

63.     Upon information and belief, the Medical Defendants were also aware that Mr. Watkins' pain and suffering resulted from their failure to follow an adequate treatment plan such as the plan prescribed by physicians at Thorek Memorial Hospital.

64.     Despite Mr. Watkins' continued pain, the Medical Defendants refused to change Mr. Watkins' medical treatment plan at MCC, by, among other things, prescribing more or different pain medication, providing requested medical evaluations and care, or by helping to arrange a follow-up visit with the physicians at Thorek Memorial Hospital that performed the initial Surgical Operation.

65.     Furthermore, the Medical Defendants caused and/or contributed to Mr. Watkins' suffering intentionally, with malice, and/or with reckless and deliberate indifference to Mr. Watkins' rights, by failing to appropriately address Mr. Watkins' questions, complaints and medical needs.

66.     The Medical Defendants also caused and/or contributed to Mr. Watkins' medical condition, pain and suffering by clearing him for release from MCC, despite his serious medical condition and knowing that he would endure significant pain and suffering during his transport by bus and plane.

67.     The Medical Defendants' conduct was objectively unreasonable and deliberately indifferent in light of Mr. Watkins' medical condition and need for treatment, and, upon

12

information and belief, in light of the course of follow up treatment recommended by doctors at Thorek Memorial Hospital.

68.     As a result of the Defendants' actions and omissions, Mr. Watkins has suffered damages.

### COUNT III
### 42 U.S.C. § 1983 (Bivens Claim) – Denial of Medical Care/Failure to Intervene (Fourteenth Amendment) Corrections Defendants

69.     Mr. Watkins re-alleges and incorporates herein the allegations set forth in ¶¶ 1-68.

70.     Between October 22, 2018 and July 29, 2019, Mr. Watkins was detained in the custody of MCC. From October 22, 2018 until he pled guilty in the Northern District of Illinois on July 18, 2019, Mr. Watkins was a pre-trial detainee at MCC. The Corrections Defendants had notice of Mr. Watkins' medical needs and the seriousness of his injury, and knew the risk of harm to Mr. Watkins if he did not receive appropriate medical care. Despite that knowledge, the Corrections Defendants failed to provide Mr. Watkins with, or facilitate his access to, adequate medical care and were deliberately indifferent to Mr. Watkins' medical condition, in violation of the Fourteenth Amendment to the United States Constitution.

71.     While detained at MCC, Mr. Watkins was denied necessary treatment for his serious medical condition, including by being denied access to a doctor for the remainder of his time at MCC following his June 15, 2019 visit with the MCC Medical Defendants.

72.     Mr. Watkins made numerous requests to the Corrections Defendants seeking help for his serious medical condition.

73.     Throughout that period, Mr. Watkins suffered from constant pain in his groin, scrotum, and testicles. The pain was so excruciating that Mr. Watkins had trouble sitting down and sleeping.

13

74. Because of Mr. Watkins' insufficient medical treatment and deliberate indifference by the Defendants, and due to the Corrections Defendants' failure to intervene or offer any kind of assistance, his condition worsened and he suffered from severe swelling of his testicles. This prolonged and increased Mr. Watkins' pain and suffering.

75. Mr. Watkins informed the Corrections Defendants on multiple occasions that the Medical Defendants were not providing adequate treatment and were ignoring Mr. Watkins' requests for treatment.

76. Through Mr. Watkins' verbal requests and complaints, the Corrections Defendants were, at all relevant times, aware that Mr. Watkins was experiencing extreme pain and that his treatment plan was ineffective.

77. Despite Mr. Watkins' pain and deteriorating condition, the Corrections Defendants refused to assist him by, among other things, investigating his complaints, facilitating a complete medical examination of Mr. Watkins, or by helping to arrange for follow-up treatment at Thorek Memorial Hospital that would have alleviated Mr. Watkins' suffering.

78. Furthermore, the Corrections Defendants contributed to Mr. Watkins' suffering intentionally, with malice, and/or with reckless and deliberate indifference to Mr. Watkins' rights, by failing to appropriately address Mr. Watkins' questions and complaints.

79. The Corrections Defendants also caused and/or contributed to Mr. Watkins' medical condition, pain and suffering by clearing him for release from MCC, despite his serious medical condition and knowing that he would endure significant pain and suffering during his transport by bus and plane.

14

80.    The Corrections Defendants' conduct was objectively unreasonable and deliberately indifferent in light of Mr. Watkins' medical condition, his need for treatment, and his clear and unambiguous complaints about his care.

81.    As set forth above, had they been so inclined, Corrections Defendants had a reasonable opportunity to prevent the violation of Mr. Watkins' constitutional rights. Nevertheless, they failed to do so.

82.    As a result of the Defendants' actions and omissions, Mr. Watkins has suffered damages.

**COUNT IV**
**42 U.S.C. § 1983 (Bivens Claim) – Denial of Medical Care (Eighth Amendment)**
**Medical Defendants**

83.    Mr. Watkins re-alleges and incorporates herein the allegations set forth in ¶¶ 1-82.

84.    As of July 18, 2019, Mr. Watkins was a prisoner at MCC subject to the Eighth Amendment. Medical Defendants had notice of Mr. Watkins' medical needs and the seriousness of his medical needs, and knew the risk of harm to Mr. Watkins if he did not receive appropriate medical care. Despite that knowledge, the Medical Defendants failed to provide Mr. Watkins with proper medical care or access to medical care and were deliberately indifferent to Mr. Watkins' medical condition, in violation of the Eighth Amendment to the United States Constitution.

85.    Mr. Watkins continues to suffer from constant pain from the failure to adequately treat complications related to his initial Surgical Operation.

86.    Because of the Medical Defendants' insufficient medical treatment and deliberate indifference, amounting to unjustified and unconstitutional conduct, Mr. Watkins has suffered severe harm.

87. The Medical Defendants were responsible for Mr. Watkins' ongoing medical treatment during his incarceration at MCC.

88. Through Mr. Watkins' complaints, verbal requests, and medical visits, the Medical Defendants were aware that Mr. Watkins was experiencing excruciating pain and that his treatment plan was ineffective.

89. Despite their knowledge of Mr. Watkins pain, the Medical Defendants refused to take actions within their power to change Mr. Watkins' treatment plan by, among other things, prescribing more or different pain medication, providing additional medical treatment and care, or by helping to arrange for follow-up treatment at Thorek Memorial Hospital that would have alleviated Mr. Watkins' suffering.

90. The Medical Defendants were deliberately indifferent to Mr. Watkins' objectively serious medical needs, and their actions were undertaken intentionally, with malice, and/or deliberate indifference to Mr. Watkins' rights.

91. Furthermore, the Medical Defendants caused and/or contributed to Mr. Watkins suffering intentionally, with malice, and/or with reckless and deliberate indifference to Mr. Watkins' rights, by failing to appropriately address Mr. Watkins questions, complaints and medical needs.

92. The Medical Defendants also caused and/or contributed to Mr. Watkins' medical condition, pain and suffering by clearing him for release from MCC, despite his serious medical condition and knowing that he would endure significant pain and suffering during his transport by bus and plane.

93. As a result of the Defendants' actions and omissions, Mr. Watkins has suffered damages.

**COUNT V**
**42 U.S.C. § 1983 (Bivens Claim) – Denial of Medical Care/Failure to Intervene (Eighth Amendment)**
**Corrections Defendants**

94. Mr. Watkins re-alleges and incorporates herein the allegations set forth in ¶¶ 1-93.

95. Upon information and belief, as of July 18, 2019, Mr. Watkins was a prisoner at MCC subject to the Eighth Amendment. The Corrections Defendants had notice of Mr. Watkins' medical needs and the seriousness of his medical needs, and knew the risk of harm to Mr. Watkins if he did not receive appropriate medical care. Despite that knowledge, the Corrections Defendants failed to provide Mr. Watkins with proper medical care or access to medical care and were deliberately indifferent to Mr. Watkins' medical condition, in violation of the Eighth Amendment to the United States Constitution.

96. Mr. Watkins continues to suffer from constant pain from the failure to adequately treat complications related to his initial Surgical Operation.

97. Because of the Corrections Defendants' failure to intervene with the Medical Defendants' insufficient medical treatment and deliberate indifference, Mr. Watkins suffered severe harm.

98. As officers at MCC, the Corrections Defendants were responsible for the well-being of inmates, including Mr. Watkins, and for the behavior of the staff.

99. Through Mr. Watkins' complaints and verbal requests, the Corrections Defendants were aware that Mr. Watkins was experiencing excruciating pain and that his treatment plan was ineffective.

100. Despite Mr. Watkins' pain and deteriorating condition, the Corrections Defendants refused to assist him by, among other things, intervening with the Medical Defendants at MCC, by arranging requested medical care and treatment, or by helping to arrange

follow-up treatment at Thorek Memorial Hospital that would have alleviated Mr. Watkins' suffering.

101.    The Corrections Defendants were deliberately indifferent to Mr. Watkins' objectively serious medical needs, and their actions were undertaken intentionally, with malice, and/or deliberate indifference to Mr. Watkins' rights.

102.    Furthermore, the Corrections Defendants caused and/or contributed to Mr. Watkins' suffering intentionally, with malice, and/or with reckless and deliberate indifference to Mr. Watkins' rights, by failing to appropriately address Mr. Watkins questions, complaints and medical needs.

103.    The Corrections Defendants also caused and/or contributed to Mr. Watkins' medical condition, pain, and suffering by clearing him for release from MCC, despite his serious medical condition and knowing that he would endure significant pain and suffering during his transport by bus and plane.

104.    As a result of the Defendants' actions and omissions, Mr. Watkins has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Watkins respectfully requests that this Honorable Court enter judgement against Dr. Brij Mohan, the United States of America and award compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

18

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.,

s/ William B. Oberts

William B. Oberts – ARDC #6244723
Tribler Orpett and Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
(312) 201−6400
wboberts@tribler.com

19